# EXHIBIT A

ELECTRONICALLY FILED - 2022 Jul 22 2:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2604661

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY<br><br>Wanda Vanderwall,<br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Coastal Grand CMBS, LLC; ERMC LLC; SecurAmerica, LLC, Katrena White both individually and as agent for Coastal Grand CMBS, LLC, Hollis Turnbull, both individually and as agent for Coastal Grand CMBS, LLC, CBL & Associates Properties, Inc.; Coastal Grand, LLC; ERMC Property Management Company of Illinois, LLC; and ERMC II, L.P,<br>　　　　　　　　　　　Defendants. | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Docket No.: 2022CP26_____<br><br>**SUMMONS** |

TO:     DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

s/Ian D. Maguire
Ian D. Maguire (SC Bar No. 66587)
P. Brooke Eaves Wright (SC Bar No. 102021)
**MAGUIRE LAW FIRM**
1600 North Oak Street, Suite B
Myrtle Beach, South Carolina 29577
Telephone:  (843) 361-7549
Facsimile:  (843) 361-7048
*Attorneys for Plaintiff*

Myrtle Beach, South Carolina
Dated: July 22, 2022

# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY<br><br>Wanda Vanderwall,<br>                              Plaintiff,<br><br>v.<br><br>Coastal Grand CMBS, LLC; ERMC LLC; SecurAmerica, LLC, Katrena White both individually and as agent for Coastal Grand CMBS, LLC, Hollis Turnbull, both individually and as agent for Coastal Grand CMBS, LLC, CBL & Associates Properties, Inc.; Coastal Grand, LLC; ERMC Property Management Company of Illinois, LLC; and ERMC II, L.P,<br>                              Defendants. | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Docket No.:  2022CP26_____<br><br>**COMPLAINT** |

TO:     DEFENDANTS ABOVE NAMED:

Plaintiff, complaining of Defendants, would respectfully show this Court the following:

1.     Plaintiff Wanda Vanderwall is a citizen and resident of Pinellas County, Florida.

2.     Defendant Coastal Grand CMBS, LLC is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Carolina, County of Horry, through its agents, servants and/or employees and derives substantial revenue therefrom.

3.     Defendant ERMC, LLC is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Caroling, County of Horry, through its agents, servants and/or employees and derives substantial revenue therefrom.

4.     Defendant SecurAmerica, LLC is, upon information and belief, a company organized

ELECTRONICALLY FILED - 2022 Jul 22 2:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2604661

**EXHIBIT A**

and existing under the laws of a state other than South Carolina, conducts business in the State of South Carolina, County of Horry, through its agents, servants and/or employees and derives substantial revenue therefrom.

5.  Defendant Katrena White is, upon information and belief, a citizen and resident of Horry County, South Carolina, and was and is still the manager of the Coastal Grand Mall located at or near 2000 Coastal Grand Circle in Myrtle Beach, South Carolina. As such, Defendant Katrena White owed a duty to inspect for, discover, warn against, and repair defective and/or hazardous conditions at the Coastal Grand, such as the hazardous condition which is the subject of this lawsuit. That Defendant Katrena White had a duty to provide guidance in maintaining and improving the physical appearance, function and security of the property and failed to do so in a reasonable manner. That Katrena White was at all times relevant to this complaint an employee and/or agent of Coastal Grand CMBS, LLC, and/or other Defendants above-named and was acting in the course and scope of employment with Coastal Grand CMBS, LLC, and/or other Defendants above-named.

6.  Defendant Hollis Turnbull is, upon information and belief, a citizen and resident of Horry County, South Carolina, and was and is a manager of the Coastal Grand Mall located at or near 2000 Coastal Grand Circle in Myrtle Beach, South Carolina. As such, Defendant Hollis Turnbull owed a duty to inspect for, discover, warn against, and repair defective and/or hazardous conditions at the Coastal Grand, such as the hazardous condition which is the subject of this lawsuit. That Defendant Hollis Turnbull had a duty to provide guidance in maintaining and improving the physical appearance, function and security of the property and failed to do so in a reasonable manner. That Defendant Hollis Turnbull was at all times relevant to this complaint an employee and/or agent of Coastal Grand CMBS, LLC, and/or other Defendants above-named and was acting in the course

ELECTRONICALLY FILED - 2022 Jul 22 2:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2604661

**EXHIBIT A**

and scope of employment with Coastal Grand CMBS, LLC, and/or other Defendants above-named.

7. Defendant CBL & Associates Properties, Inc. is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Caroling, County of Horry, through its agents, servants and/or employees and derives substantial revenue therefrom.

8. Defendant Coastal Grand, LLC. is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Caroling, County of Horry, through its agents, servants and/or employees and derives substantial revenue therefrom.

9. Defendant ERMC Property Management Company of Illinois, LLC is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Caroling, County of Horry, through its agents, servants and/or employees and derives substantial revenue therefrom.

10. Defendant and ERMC II, L.P.is, upon information and belief, a company organized and existing under the laws of a state other than South Carolina, conducts business in the State of South Carolina, County of Horry, through its agents, servants and/or employees and derives substantial revenue therefrom.

11. That the facts and circumstances which are the subject matter of this lawsuit occurred in the County of Horry, South Carolina.

12. That, upon information and belief, Defendants control, manage, maintain, assume responsibility for, and operate a business located at or near 2000 Coastal Grand Circle, Myrtle Beach, South Carolina.

ELECTRONICALLY FILED - 2022 Jul 22 2:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2604661

**EXHIBIT A**

ELECTRONICALLY FILED - 2022 Jul 22 2:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2604661

13. That this Honorable Court has jurisdiction over the parties as Defendants have committed a tortious act in whole or in part in part in the State of South Carolina, County of Horry.

14. That this Honorable Court has jurisdiction over the subject matter to this litigation and venue is proper in this Court, as the most substantial parts of acts and omissions giving rise to the causes of action occurred in the County of Horry, South Carolina.

15. That, on or about September 16, 2019, Plaintiff was a guest/invitee on Defendants' premises located at or near 2000 Coastal Grand Circle, Myrtle Beach, South Carolina.

16. That Plaintiff did not have knowledge of the flooring conditions prior to entering Defendants' premises.

17. That the aforementioned flooring had no signage or warning posted either outside or inside of the entrance to the premises to warn of the dangerous condition then and there existing.

18. That Defendants' premises has a wooden floor walking area with a center area that is carpeted.

19. That, unbeknownst to Plaintiff, the transition of the carpet to the wooden flooring on Defendants' premises had raised, buckled, and cracked areas.

20. That the said carpeting and transition was defective, cracked, and buckled which caused it to be a dangerous object each time a person was walking on Defendants' premises.

21. That on or about September 16, 2019, Plaintiff was walking in the center carpeted area of Defendants' premises when she crossed over to the wooden flooring to head toward the exit of the premises.

22. That the raised, buckled, and cracked areas of the carpet transition on Defendants' premises caused Plaintiff to trip and fall, and thus, caused the basis for this action.

23. That the aforementioned defective floor and carpet was so disguised that Plaintiff and others would have no notice of the altered walking surface.

24. That the defective condition of the subject rug resulted in Plaintiff's injuries which give rise to this litigation.

25. That the injuries sustained by Plaintiff on or about September 16, 2019, required extensive medical treatment. As a result, Plaintiff has suffered pain and a loss of enjoyment of life.

26. Defendants owed Plaintiff a duty of care to keep the premises reasonably safe, to discover and repair dangerous defects on the premises, and to disclose to Plaintiff any latent defects existing on the property.

27. Defendants owed Plaintiff a duty to create and maintain adequate and safe premises for use.

28. That Defendants are vicariously liable for the actions of its agents and employees who owed a duty to inspect, search for, discover, warn against, and repair defective conditions discovered on the subject premises, such as the hazardous condition which is the subject of this lawsuit.

29. That the subject floor of Defendants was slippery, slick, and/or wet.

30. Defendants breached their duties to Plaintiff by creating, maintaining, and/or allowing a dangerous condition to exist on the premises and by failing to correct the dangerous and defective condition on their premises.

31. Defendants knew, or should have discovered and known, of the defective condition.

32. Defendants did not take any steps to correct or maintain this dangerous and defective condition, or to warn users, such as Plaintiff, of the hazard.

33. Plaintiff's injuries were caused by the defective condition on Defendants' premises.

ELECTRONICALLY FILED - 2022 Jul 22 2:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2604661

**EXHIBIT A**

ELECTRONICALLY FILED - 2022 Jul 22 2:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2604661

34.     At all times relevant herein, all employees of Defendants were acting within the course and scope of employment.

35.     Plaintiff would show that Defendants, through their agents, servants and/or employees, negligently, recklessly, willfully, wantonly, and grossly negligently breached their duty to Plaintiff in the following particulars to wit:

a)  In failing to provide adequate areas for safe ingress and egress about the premises;

b)  In failing to remove the defective flooring and carpeting from the premises;

c)  In creating a dangerous condition on the premises;

d)  In failing to adequately secure and maintain the premises;

e)  In failing to warn of or eliminate unreasonable risks within the area of invitation;

f)  In failing to post effective and conspicuous warning signs or other notifications of the conditions of the premises;

g)  In failing to reasonably investigate and discover risks on the premises and to take safety precautions to prevent unreasonable risk of harm to guests/invitees;

h)  In failing to properly hire, properly train and supervise competent employees who were to attend to the condition of the property so as to avoid injury to guests/invitees;

i)  In failing to perform routine maintenance and inspections of the premises to include the subject walking area;

j)  In failing to follow or maintain adequate safety procedures; and

k)  In such other particulars as the evidence at trial may show.

Any one or more of which acts of commission and/or omission were a proximate cause of the injuries suffered by Plaintiff. Said acts of commission and/or omission were in violation of the

statutory laws of the State of South Carolina.

36. That, as the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions by Defendants, through its agents, servants and/or employees, as enumerated here and above, Plaintiff:

a) Was severely, seriously, painfully, and permanently injured;

b) Suffered injuries about various parts of her body;

c) Was and will be subjected to the administration of strong and potent drugs and medications;

d) Suffered extreme and painful injuries to her person from which Plaintiff is informed and believes that she will have permanent adverse effect and disability;

e) Suffered injuries that required medical treatment and will require medical care and treatment in the future;

f) Has incurred and will incur in the future, substantial medical and doctor bills due to her injuries;

g) Was and will be subjected to extreme pain, mental anguish, emotional distress, loss of enjoyment of life, suffering and discomfort over a long period of time;

h) Has been and will be prevented from attending to her usual and ordinary activities of daily living;

i) Has and will suffer a financial loss in the form of wages and future earning capacity; and

j) All other damages, including actual, special, consequential and punitive, in an amount to be determined by the trier of facts.

37. Accordingly, Plaintiff is informed and believes that she is entitled to actual and punitive damages sufficient to reflect the injuries that she sustained against Defendants, for

# EXHIBIT A

Defendants' actions and inactions in creating, maintaining or failing to correct a dangerous and defective condition upon the premises.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in an amount to be determined by the trier of fact, for actual, special, consequential and punitive damages; for the costs of this action; and for such other relief as this Honorable Court may deem just and proper.

s/Ian D. Maguire
Ian D. Maguire (SC Bar No. 66587)
P. Brooke Eaves Wright (SC Bar No. 102021)
**MAGUIRE LAW FIRM**
1600 North Oak Street, Suite B
Myrtle Beach, South Carolina 29577
Telephone: (843) 361-7549
Facsimile: (843) 361-7048
*Attorneys for Plaintiff*

Myrtle Beach, South Carolina
Dated: July 22, 2022

ELECTRONICALLY FILED - 2022 Jul 22 2:16 PM - HORRY - COMMON PLEAS - CASE#2022CP2604661